UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY STALIN MATAMOROS-PROANO,<br><br>           Petitioner,<br><br>    v.<br><br>ICE, et al.,<br><br>           Respondents. | Case No.: 1:15-cv-01766-JLT<br><br>ORDER REQUIRING PETITIONER TO SUBMIT A FIRST AMENDED PETITION<br><br>30-DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER FORM FOR HABEAS PETITION PURSUANT TO 28 U.S.C. § 2241 |

Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement and is proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Preliminary review of the petition indicates that Petitioner has not provided sufficient information regarding his claims for this case to proceed.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:

> …shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."

Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "…'[N]otice' pleading is not sufficient, for the petition is expected **to state facts** that point to a 'real possibility of constitutional error.'" Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63,

1

75, n. 7, 97 S.Ct. 1621 (1977).

In the instant petition, Petitioner notes that an immigrant's detention pursuant to 8 U.S.C. § 1231(a)(2) that has exceeded the six-month presumptive period set forth in Zadvydas v. Davis, 533 U.S. 678 (2001), may be challenged on the grounds that such continued detention is no longer reasonable. The petition notes further, that where Respondent has been unable to effect the immigrant's removal to his native country and where there is no "significant likelihood" of such removal in the "reasonably foreseeable future," the immigrant's ongoing detention is indefinite and violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment of the United States Constitution. Petitioner also points out that indefinite detention under 8 U.S.C. § 1231(a)(6) exceeds Respondent's statutory authority.

Significantly, however, Petitioner also recognizes that the petitioner must "provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future…." (Doc. 1, p. 2). This is where Petitioner's claim fails. **The petition states no facts relevant to Petitioner's detention**. Petitioner does not indicate the date on which he was placed into ICE custody, the length of time he has been in ICE custody, his national citizenship, the date he last entered the United States, whether he is subject to a final order of removal, or any other circumstances that might bear upon the lawfulness of Petitioner's continued detention. Likewise, Petitioner has not presented any documents that would clarify for the Court any of the above-mentioned factual questions. Indeed, Petitioner makes no factual assertions whatsoever in his petition.

Accordingly, the Court **ORDERS**:

1. The instant petition for writ of habeas corpus is hereby **DISMISSED**. Petitioner is **GRANTED** 30 days to file a first amended petition that complies with this Order;

2. The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2241. **Petitioner should indicate both the correct case number and the fact that the petition is a FIRST AMENDED PETITION on the front page**. The First Amended Petition *must* contain factual allegations sufficient for the

2

<u>Court to proceed with Petitioner's claim of indefinite and unlawful detention by Respondent.</u>

**<u>Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.</u>**

IT IS SO ORDERED.

Dated: **December 2, 2015**          **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE

3