# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY STALIN MATAMOROS-PROANO,<br><br>    Petitioner,<br><br>    v.<br><br>ICE, et al.,<br><br>    Respondents. | Case No.: 1:15-cv-01766-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR PETITIONER'S FAILURE TO COMPLY WITH THE COURT'S ORDER TO FILE AN AMENDED PETITION<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE |

    At the time of filing of the petition, Petitioner was detained by the United States Bureau of Immigration and Customs Enforcement. Seemingly, he claimed that his detention was unlawful, though the exact confines of his complaint are unclear. The Court ordered him to file an amended petition and, when he failed to do so, ordered him to show cause why the matters should not be dismissed. He has failed to respond. Thus, the Court recommends the petition be **DISMISSED**.

## PROCEDURAL HISTORY

    After a preliminary review of the petition, the Court was unable to proceed because Petitioner had not provided sufficient information regarding his claims. Accordingly, the Court ordered Petitioner to file an amended petition within thirty days. (Doc. 3). When Petitioner failed to respond, the Court ordered him to show cause why the petition should not be dismissed. (Doc. 6). The Court

1

expressly emphasized that Petitioner's failure to respond could result in a recommendation that the petition be dismissed. On February 5, 2016, the Order to Show Cause sent to Petitioner was returned as "undeliverable, not in custody."

**DISCUSSION**

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since November 23, 2015 with no response whatever from Petitioner after that date. The third factor, risk of prejudice to Respondent, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order of May 24, 2005, expressly stated: "Petitioner is admonished that his failure to comply with this order may result in an order dismissing the petition pursuant to Local Rule 110." (Doc. 6, p. 1). Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with the Court's order. Finally, it appears that Petitioner is no longer in custody of ICE, which, if true, would make the petition moot. Accordingly, the Court will recommend that the petition be dismissed for failure to prosecute.

**ORDER**

For the foregoing reasons, the Court **ORDERS** the Clerk of the Court to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for failure to prosecute.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed **within 10 days** (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 8, 2016**                    **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE

3